UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EVER VARELA, and            )
YESENIA MAJANO,             )
     Plaintiffs,            )
                            )
          v.                )  C.A. No. 10-10186-MLW
                            )
                            )
E*TRADE BANK, et al.,       )
     Defendants.            )

MEMORANDUM AND ORDER

WOLF, D.J.                                    December 23, 2011

I. INTRODUCTION

On October 26, 2006, plaintiffs Ever Varela and Yesenia Majano

obtained two home loans from defendant American Mortgage Network,

Inc., d/b/a/ American Mortgage Network of MA, a DE corp. ("AmNet"),

with defendant Mortgage Electronic Registration Systems, Inc.

("MERS") acting as nominee for Amnet. One of those loans was

assigned to defendant E*Trade Bank ("E*Trade") in 2009.[1] Plaintiffs

allege that their loans were defective in several respects. On

April 5, 2010, defendants filed a Motion to Dismiss (the "Motion").

On April 6, 2010, the court referred the Motion to Dismiss to the

Magistrate Judge. On October 22, 2010, the Magistrate Judge issued

_____

[1]It is not clear what role defendant America's Servicing
Company played in this controversy. It is a named defendant but
it is not mentioned in the Amended Complaint except for
identification purposes. In a submission purportedly filed on
behalf of all defendants, including America's Servicing Company,
defendants have stated that the loans at issue were "serviced by
Wells Fargo Bank, N.A., d/b/a America's Servicing Company." Mem.
of Law in Supp. of Defs.' Mot. to Dismiss at 2. Defendants have
not sought to dismiss this case against America's Servicing
Company on this basis.

the attached Report and Recommendation on the Motion to Dismiss (the "Report"), recommending that the Motion be allowed in part and denied in part. In all but one respect, the court is accepting the Report.

## II. DISCUSSION

Rule 72(b)(3) of the Federal Rules of Civil Procedure requires the court to review "de novo any part of the magistrate judge's disposition that has been properly objected to." The court is not required to engage in a de novo review of portions of the Report to which objections have not been properly made. See Fed. R. Civ. P. 72(b)(3); Velez-Padro v. Thermo King de P.R., Inc., 585 F.3d 441, 446 (1st Cir. 2009). In Thomas v. Arn, 474 U.S. 140, 149-50 (1985), the Supreme Court held that the waiver of de novo review by failing to file objections does not entitle a party to "some lesser standard" of review. See also Costa v. Hall, No. 00-12213-MLW, 2010 WL 5018159, at *17 (D. Mass. Dec. 2, 2010) ("Absent objections, the court may adopt the report and recommendation of the magistrate judge."). However, review by the court is not prohibited, see Thomas, 474 U.S. at 154, and some level of oversight, even if not de novo, is encouraged. See Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987).

The Magistrate Judge recommends dismissing Count III, which alleges misrepresentations, and the misrepresentation "prongs" of

Count IV for being inadequately pled under Federal Rule of Civil Procedure 9(b). The Magistrate Judge recommends denying the Motion to Dismiss in all other respects. Defendants timely filed objections to the Report, and plaintiffs responded. Plaintiffs did not file objections.

A. Unobjected-to recommendations

No objections have been filed with regard to several of the Magistrate Judge's recommendations. Accordingly, the court may accept them. See Costa, 2010 WL 5018159, at *17. Specifically, the Magistrate Judge recommends dismissing Count III, which alleges fraudulent misrepresentation, and three "prongs" of Count IV, which allege violations of Chapter 93A regulation 940 C.M.R. §8.06(1) through misrepresentations. These claims allege fraud and, therefore, must be pled with particularity under Federal Rule of Civil Procedure 9(b). The Magistrate Judge recommends dismissing those claims for failure to meet that standard. See Report at 23, 24. In addition, he recommends allowing plaintiffs an opportunity to replead these claims to comply with the requirements of Rule 9(b). See id. at 29.

The court has reviewed the Report and finds the Magistrate Judge's treatment of these claims to be thorough, thoughtful, and persuasive. Accordingly, the court is adopting its recommendations. See Costa, 2010 WL 5018159, at *17. However, the Magistrate Judge also recommends dismissing Count III because it was not brought

-3-

within the three-year statute of limitations provided in M.G.L. c. 260, §2A. Accordingly, Count III is being dismissed with prejudice and Count IV(a), (c), and (d) are being dismissed without prejudice to the filing of an amended complaint that pleads fraud with the particularity required by Rule 9(b). <u>See</u> Wright & Miller, 5A Federal Practice & Procedure §1300 (3rd ed.). In addition, as described below, Count V is also being dismissed without prejudice.

 B. <u>Objections</u>

 Defendants have objected to the remainder of the recommendations in the Report. The court has conducted a de novo review of the Motion with regard to those matters and, with one exception, is adopting the Report's conclusions. <u>See</u> Fed. R. Civ. P. 72(b)(3). More specifically, the court is accepting the recommendation that the Motion be denied with respect to Counts I, II, IV(b), and VII. The Magistrate Judge's conclusions with respect to those claims are thorough, thoughtful, and persuasive. The court is also denying the Motion with regard to Count VI for substantially the reasons stated by the Magistrate Judge. However, because the issue presents a closer question the court is explaining its reasoning more fully. Finally, the court is not adopting the Magistrate Judge's recommendation to deny the Motion to Dismiss Count V. As described below, Count V alleges that defendants are liable because they failed to comply with the terms of a regulation that was not in effect when the loans at issue in

this case were made. Accordingly, Count V is being dismissed.

        1. <u>Count V: Alleged Violation of 940 C.M.R. §8.06(15)</u>

Count V alleges that defendants violated Chapter 93A regulation 940 C.M.R. §8.06(15) by making excessively risky loans that plaintiffs could not reasonably have been expected to repay. Among other things, §8.06(15) requires lenders to determine a borrower's ability to repay a loan based on specific considerations. Defendants argue that §8.06(15) is preempted by the National Bank Act (the "NBA"), <u>see</u> <u>SPGGC, LLC v. Ayotte</u>, 488 F.3d 525, 531 (1st Cir. 2007), because a federal regulation promulgated under the NBA permits banks to "use any reasonable method to determine a borrower's ability to repay, including, for example, the borrower's current and expected income, current and expected cash flows, net worth, other relevant financial resources, current financial obligations, employment status, credit history, or other relevant factors." 12 C.F.R. §34.3. They contend that the mandatory considerations enumerated in §8.06(15) restricts national banks' ability to use "any reasonable method" to determine a borrower's ability to repay a loan. The Magistrate Judge concluded that the NBA does not preempt §8.06(15).

However, it is not necessary for the court to decide this issue. The federal regulation cited by defendants, §34.3(b), was in effect when plaintiffs took out their loans in 2006. <u>See</u> 69 Fed. Reg. 1904-01 (Jan. 4, 2004). The state regulation, §8.06(15),

however, was not. It was added by amendment on October 17, 2007, and became effective on January 2, 2008. See Office of Att'y Gen. Guidance With Respect to 940 CMR 8.00, et seq. (as amended) (Dec. 2007), www.mass.gov/ago/docs/consumer/940cmr8-guidance-121807.pdf; compare 940 C.M.R. 8.00, et seq. (2006) (concluding with §8.06(14)). When it was enacted, the Attorney General of Massachusetts expressly stated that the amendments to 940 C.M.R. §8.00 did not apply retroactively. See Office of Att'y Gen. Guidance at 1. Accordingly, defendants cannot be held liable for failing to comply with a regulation that did not exist at the time the loans were made and that does not apply retroactively.

Therefore, Count V is being dismissed. However, the court recognizes that the parties have not had an opportunity to address the retroactivity of §8.06(15). In addition, the Attorney General of Massachusetts has stated that the 2007 amendments to 940 C.M.R. §8.00 "[did] not change the law." Id. at 11. The Attorney General noted that Chapter 93A "has long applied to mortgage brokers and lenders" and that the Attorney General had previously brought cases against lenders under Chapter 93A for conduct that would violate the new regulations before the regulations were enacted. Id. at 11-12. Accordingly, Count V is being dismissed without prejudice to plaintiffs filing an amended complaint that alleges a claim under M.G.L. c. 93A, §9, without reference to §9.06(15), provided that there are grounds to do so. See Fed. R. Civ. P. 11(b) (requiring

-6-

attorneys to submit pleadings that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law").

### 2. Count VI: Alleged Violation of M.G.L. c. 183C, §4

The Magistrate Judge recommends that the Motion to Dismiss be denied with respect to Count VI, in which plaintiffs allege that defendants violated M.G.L. c. 183C, §4, the Massachusetts Predatory Home Loan Practices Act, by making loans that they could not reasonably expect plaintiffs could afford. Among other things, defendants argue that Chapter 183C is preempted by the NBA. The court agrees with the Magistrate Judge that defendants have not satisfied their burden of demonstrating that Chapter 183C "forbid[s], or [] impair[s] significantly, the exercise of a power that Congress explicitly granted" under the NBA. Barnett Bank of Marion County, N.A. v. Nelson, 517 U.S. 25, 33 (1996); see also SPGGC, 488 F.3d at 531. However, because this issue presents a close question, it is appropriate for the court to more fully explain its reasoning based on its de novo review of defendants' objections.

Under the National Bank Act, grants of enumerated and incidental powers to national banks are interpreted as "ordinarily pre-empting" contrary state law. Barnett Bank, 517 U.S. at 32. "States are permitted to regulate the activities of national banks where doing so does not prevent or significantly interfere with the

-7-

national bank's or the national bank's regulator's exercise of its

powers. But when state prescriptions significantly impair the

exercise of authority, enumerated or incidental under the NBA, the

State's regulations must give way." <u>Watters v. Wachovia Bank, N.A.</u>,

550 U.S. 1, 12 (2007).

Here, 12 C.F.R. §34.3(b), which was promulgated pursuant to

the NBA, provides:

> A national bank shall not make a consumer loan subject to
> this subpart based predominantly on the bank's
> realization of the foreclosure or liquidation value of
> the borrower's collateral, without regard to the
> borrower's ability to repay the loan according to its
> terms. A bank may use any reasonable method to determine
> a borrower's ability to repay, including, for example,
> the borrower's current and expected income, current and
> expected cash flows, net worth, other relevant financial
> resources, current financial obligations, employment
> status, credit history, or other relevant factors.

M.G.L. c 183C, §4, provides:

> A lender shall not make a high-cost home mortgage loan
> unless the lender reasonably believes at the time the
> loan is consummated that 1 or more of the obligors, will
> be able to make the scheduled payments to repay the home
> loan based upon a consideration of the obligor's current
> and expected income, current and expected obligations,
> employment status, and other financial resources other
> than the borrower's equity in the dwelling which secures
> repayment of the loan.

Defendants argue that Chapter 183C impermissibly restricts national

banks' enumerated power to make that determination using "any

reasonable method" pursuant to §34.3(b) because it mandates what a

bank must consider when determining whether a borrower can repay a

loan. Defendants contend that this "frustrates" and "limits" the

powers of a national bank.

However, the applicable standard is whether Chapter 183C "forbid[s], or [] impair[s] significantly, the exercise of a power that Congress explicitly granted" to national banks. Barnett Bank, 517 U.S. at 33 (emphasis added). For example, in SPGGC, the First Circuit held that the NBA preempted a New Hampshire statute that prohibited national banks from issuing gift cards with expiration dates because federal regulation authorized them to do so. See 488 F.3d at 531. Similarly, in Barnett Bank, Congress authorized national banks to sell insurance in small towns, but a Florida statute prohibited them from doing so. See 517 U.S. at 31. The Supreme Court held that the state statute was an obstacle to the accomplishment of the federal statute's purpose, id., because it "forbid, or . . . impair[ed] significantly, the exercise of a power that Congress explicitly granted." Id. at 33.

In this case, the federal and state provisions at issue are very similar. In essence, both provisions require a lender to consider a borrower's ability to repay a loan without reference to the amount of equity that the lender could recover at foreclosure. See 12 C.F.R. §34.3(b) ("A national bank shall not make a consumer loan . . . based predominantly on the bank's realization of the foreclosure or liquidation value of the borrower's collateral . . . ."); M.G.L. c. 183C, §4 (loans must be made "based upon a consideration of . . . financial resources other than the

-9-

borrower's equity in the dwelling which secures repayment of the loan.").

Moreover, Count VI alleges that defendants violated Chapter 183C by making "loans where they could not have reasonably expected that Plaintiffs would meet their obligations under the loan." See Am. Comp. ¶57. Accordingly, plaintiffs have not alleged that defendants violated the statute by engaging in conduct that is authorized by federal law but prohibited under state law. In addition, defendants have not described any method for determining a borrower's ability that would be "reasonable" under federal regulation but that would violate the state law. Defendants emphasize that plaintiffs have argued that their inability to repay the loans was evident based on plaintiffs' 2005 tax returns. However, plaintiffs' claims are not dependant on finding that defendants were required to consider the tax returns. Accordingly, Count VI is not being dismissed as preempted by the NBA.

III. ORDER

For the foregoing reasons it is hereby ORDERED that:

1. The attached Report (Docket No. 21) is ACCEPTED in part and MODIFIED in part, and defendants' Motion to Dismiss (Docket No. 8) is ALLOWED in part and DENIED in part as follows:

a. Count III of the Amended Complaint (Docket No. 5) is DISMISSED.

-10-

b. The claims alleged in ¶¶52(a), (c), and (d) of Count IV of the Amended Complaint are DISMISSED without prejudice to being reasserted in a Second Amended Complaint complying with Federal Rule of Civil Procedure 9(b).

c. Count V of the Amended Complaint is DISMISSED without prejudice to the inclusion in any Second Amended Complaint of a claim alleging a violation of M.G.L. c. 93A, §9.

d. The attached Report is otherwise ADOPTED and INCORPORATED in this Memorandum and Order pursuant to 28 U.S.C. §636(b)(1).

2. Plaintiffs shall file any Second Amended Complaint by January 31, 2012. Defendants shall respond by February 14, 2012.


UNITED STATES DISTRICT JUDGE